IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                  :

JOANNE BARBINE,             :        CIVIL ACTION NO. 03-CV-3426
           Plaintiff       :
                                    :

      v.                           :
                                    :

KEYSTONE QUALITY TRANSPORT,   :        JURY TRIAL DEMANDED
           Defendant    :
_____:

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff moves this Honorable Court for an Order compelling the defendant to produce the following documents:

1. Articles of Incorporation;

2. Certificate of Incorporation;

3. Annual Report form;

4. Assumed name filing;

5. Documents which show defendant's gross income as well as projected profit for the year 2004;

6. Defendant's corporate, state and federal tax returns for the preceding five (5) years;

7. Complete Articles of Incorporations which includes the following:

    (a) By-laws as amended;

    (b) Complete minute books;

    (c) Complete stock books including stock transfer ledger;

(e)    A list of all shareholders;

(f)    List of all directors and officers serving at present;

(g)    Shareholders' agreements;

(h)    List of jurisdictions in which corporation has qualified to do business, has filed tax in the last 5 years and does business in;

(i)    Year-end financial statements for last three years with access to auditors' work papers;

(j)    All interim statements since last year-end adjustments and any other anticipated year-end adjustments;

(k)    Summary of timing differences between books and tax returns with reconciliation between provision for income taxes and income taxes actually paid.

8.    Corporate minutes of Board of Directors' meetings.

Plaintiff has frequently and continuously requested that defendant produce these documents; plaintiff has offered to confer with defendant to reach a resolution. Defendant has refused all efforts at compromise or resolution.

This motion is based on the memorandum and supporting documentation.

Respectfully submitted,

_____
COLLEEN MARSINI, ESQUIRE
Attorney I.D. No. 48293
101 N. Providence Road
Wallingford, PA  19086
(610) 892-9111
Attorney for Plaintiff

Date: _____ May 13, 2004 _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| _____ : | | |
| JOANNE BARBINE, : | CIVIL ACTION NO. 03-CV-3426 | |
|          Plaintiff : | | |
| : | | |
|    v. : | | |
| : | | |
| KEYSTONE QUALITY TRANSPORT, : | JURY TRIAL DEMANDED | |
|         Defendant : | | |
| _____: | | |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff moves this Honorable Court to compel the defendant to produce the requested corporate documents.

## I.   STATEMENT OF FACTS

On September 11, 2003, plaintiff served defendant with its first request for production of documents (Attached Exhibit "A").  Plaintiff requested that the defendant produce:

1.   Documents which show defendant's gross income, net income, liability, and expenditures for the year 2002 as well as defendant's projected net profit for defendant in the year 2002.

2.   Any and all corporate books and records of Defendant Keystone, and any and all Articles of Incorporation, Certificates of Incorporation, Annual Report Forms and/or assumed name filings made by or on behalf of said defendant.

3.   Defendant's corporate state and federal tax returns for the preceding five (5) years.

In response to this request defendant stated that "the production of any documents relative to defendant's financial condition should be deferred until a later time in the present proceedings should it be determined that an award of punitive damages is warranted and likely."  (Exhibit "B").

On March 30, 2004, the Court denied defendant's summary judgment motion on the issue of punitive damages.  On April 4, 2004, during a conference call with Magistrate Judge Hart defendant stated that the requested documents would be produced no later than April 30, 2004.

Plaintiff also requested minutes from the Board of Directors' meetings identified by Mr. Barr in his deposition.

On April 22, 2004, plaintiff sent defense counsel a letter outlining the requested documents (Exhibit "C").  On April 30, 2004, plaintiff received documents which were not responsive (Exhibit "D").  The "Articles of Business Corporation" fail to indicate the identity of the shareholders, although it does indicate that shares were issued.  The submitted "financial statements" fail to identify who prepared the statement or a verification of authenticity and accuracy.

On May 3, 2004, plaintiff sent defendant two letters outlining the deficiencies (Exhibit "E").

On May 6, 2004, defendant responded that no further financial documents would be forthcoming (Exhibit "F").

Plaintiff has made numerous attempts to resolve the outstanding discovery issues to no avail.

## II.   <u>ARGUMENT</u>

Plaintiff's request for production of documents was authorized by FRCP 34.  The documents at issue are not protected from discovery by privilege.  Defendant in its response to production of documents stated that the documents would be produced after a ruling on defendant's motion for summary judgment.

### A.   <u>Articles of Incorporation; Financial Documents</u>

Defense counsel on three occasions stated that the income tax returns <u>and</u> the underlying financial data which supported the financial statements would be produced.

In defendant's answers to plaintiff's request for production of documents defendant stated that "documents relative to defendant's financial condition should be deferred until a later time in the present proceeding should it be determined that an award of punitive damages is warranted and likely.

In a conference call with Judge Dalzell's Law Clerk defense counsel stated that both the <u>tax returns</u> and the underlying financial documents would be produced.

Defendant, through counsel, failed to honor this basic commitment.  The financial documents as submitted are unverified and the identity of the accounting firm who prepared the documents is also unidentified.  The alleged "articles of incorporation" are incomplete and fail to identify the shareholders to whom the identified shares were distributed.  The documents as submitted would not survive an evidentiary challenge which could conceivably be made by defendant's own counsel against plaintiff's attempt to admit them as evidence.

Despite repeated assurances by defense counsel the submitted documents are not responsive to plaintiff's request and should be supplemented with the correct

documents.

      **B.**    <u>**Corporate Minutes**</u>

Steve Barr testified in his deposition that he meets with Mr. Strine and the other members of the Board of Directors on a weekly basis to discuss Keystone Quality Transport business.  Mr. Barr testified that employment decisions and personnel decisions are discussed at these meetings.  Mr. Barr also testified that he maintains minutes of the meetings.  Plaintiff's counsel has requested that these documents be produced.

Minutes from meetings with the Board of Directors wherein employment and personnel decisions are discussed is clearly relevant and germane to plaintiff's cause of action.  It is also clearly relevant to the issue of punitive damages and defendant's affirmative defense.  Plaintiff could clearly be "blind sided" at trial, if during cross examination Steve Barr testifies that a particular subject was in fact discussed at a Board of Directors' meeting and he has corporate minutes to prove this fact.  The defendant has not asserted a single acceptable reason for excluding the production of these documents.

**III.**    <u>**CONCLUSION**</u>

Plaintiff moves this Honorable Court to compel the defendant to produce these documents with five (5) days.

Respectfully submitted,

_____

COLLEEN MARSINI, ESQUIRE
Attorney I.D. No. 48293
101 N. Providence Road
Wallingford, PA  19086
(610) 892-9111

Attorney for Plaintiff

Date: _____May 13, 2004_____

## <u>CERTIFICATE OF SERVICE</u>

I, COLLEEN MARSINI, ESQUIRE, hereby certify that a true and correct copy of

Plaintiff's Motion to Compel Production of Documents and Memorandum of Law in

support thereof have been served upon the Defendant by U.S. Postal Service, first class

mail, postage prepaid, at the following address:

James H. Lutz, Esquire
Lutz & Associates
300 West State Street, Suite 300
Media, PA  19063

_____
COLLEEN MARSINI, ESQUIRE
Attorney I.D. No. 48293
101 N. Providence Road
Wallingford, PA  19086
(610) 892-9111

Attorney for Plaintiff

Date:   _____May 13, 2004_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
JOANNE BARBINE,                    :        CIVIL ACTION NO. 03-CV-3426
                Plaintiff          :
                                   :
        v.                         :
                                   :
KEYSTONE QUALITY TRANSPORT,        :        JURY TRIAL DEMANDED
                Defendant          :

## **ORDER**

AND NOW THIS _____day of _____2004, upon consideration of Plaintiff's motion to compel production of documents and articles of incorporation and the corporate minutes, it is hereby **ORDERED and DECREED** that defendant produce the following documents within five (5) days of the date of this Order:

1. Articles of Incorporation;
2. Certificate of Incorporation;
3. Annual Report form;
4. Assumed name filing;
5. Documents which show defendant's gross income as well as projected profit for the year 2004;
6. Defendant's corporate, state and federal tax returns for the preceding five (5) years;
7. Complete Articles of Incorporations which includes the following:

   (a) By-laws as amended;
   (b) Complete minute books;
   (c) Complete stock books including stock transfer ledger;
   (e) A list of all shareholders;
   (f) List of all directors and officers serving at present;
   (g) Shareholders' agreements;
   (h) List of jurisdictions in which corporation has qualified to do business, has filed tax in the last 5 years and does business in;
   (i) Year-end financial statements for last three years with access to auditors' work papers;

(j)     All interim statements since last year-end adjustments and any other anticipated year-end adjustments;

(k)     Summary of timing differences between books and tax returns with reconciliation between provision for income taxes and income taxes actually paid.

8.     Corporate minutes of Board of Directors' meetings.


BY THE COURT:


_____

HONORABLE JACOB P. HART