IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE BARBINE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEYSTONE QUALITY TRANSPORT | : | NO. 03-3426 |

ORDER AND OPINION

JACOB P. HART                                                             DATE:   June 7, 2004
UNITED STATES MAGISTRATE JUDGE

In this action, plaintiff Joanne Barbine has sued Keystone Quality Transport ("Keystone") under state and federal statutes alleging sexual discrimination. Barbine has moved to compel the production of documents. For the reasons set forth below, her motion will be granted in part and denied in part.

I.  Factual and Procedural Background

Discovery in this case, other than financial discovery relevant to a claim for punitive damages, closed on February 26, 2004. On September 11, 2003, Barbine served Keystone with its first request for production of documents. Among the documents Barbine requested were Keystone's corporate books and records, its articles of incorporation, certificates of incorporation, annual report forms or assumed named filings, and corporate state and federal income tax returns for the preceding five years. Request for Production of Documents, attached as Exhibit A to Barbine's Motion, at Requests 1, 2 and 16.

In response, Keystone asserted objections to Requests 1 and 2. Defendant's Response to Request for Production, attached as Exhibit B to Barbine's Motion. Keystone stated that "the production of any documents relative to defendant's financial condition should be deferred until a later time in the present proceedings should it be determined that an award of punitive damages

is warranted and likely." Id.  It appears that Keystone did not produce its tax returns at that time, either.

On March 30, 2004, the Honorable Stewart Dalzell, to whom the case was previously assigned, denied Keystone's summary judgment motion on the issue of punitive damages, thus clearing the way for financial discovery.  In a subsequent telephone conference with the undersigned, Keystone stated that the requested documents would be produced by April 30, 2004.

Keystone produced certain documents on April 30, 2004.  Barbine, however, claims that the production was inadequate:

> The financial documents as submitted are unverified and the identity of the accounting firm who (*sic.* "which") prepared the documents is also unidentified. The alleged "articles of incorporation" are incomplete and fail to identify the shareholders to whom the identified shares were distributed.

Motion to Compel at § IIA.  As a separate matter, Barbine has also requested minutes from Board of Directors' meetings about which Steven Barr testified at his deposition.

In sum, Barbine specifically asks for the entry of an Order compelling production of the following:

1. Articles of Incorporation;
2. Certificate of Incorporation;
3. Annual Report form;
4. Assumed name filing;
5. Documents which show defendant's gross income as well as projected profit for the year 2004;
6. Defendant's corporate state and federal tax returns for the preceding five years;
7. Complete Articles of Incorporation which include the following:

    (a) By-laws as amended; (b) complete minute books; (c) complete stock books including stock transfer ledger; (d) a list of all shareholders; (e) list of all directors and officers serving at present;

>   (f) shareholders' agreements; (g) list of jurisdictions in which corporation has qualified to do business, has filed tax returns in the last five years and in which the corporation does business; (h) year-end financial statements for the last three years with access to auditors' work papers; (i) all interim statements since last year-end adjustment; (j) summary of timing differences between books and tax returns with reconciliation between provision for income taxes and income taxes actually paid.

   8. Corporate minutes of Board of Directors' meetings.

Proposed Order attached to Motion to Compel.

Keystone responds that it has produced all existing material to which Barbine is entitled. It claims to have produced its Articles of Incorporation, its financial statements for the years 2001 and 2002, balance sheets and income statements for 2002, 2003, and 2004, and copies of its corporate federal and state income tax returns for the year 2001-2002. It maintains that some of the other material Barbine now seeks does not exist, and that still other material is irrelevant.

II.     <u>Legal Standard</u>

The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Federal Rule 34 establishes the procedure governing requests for production of documents. It requires that a party served with a document request either produce the requested documents or else state a specific objection for each item or category objected to. If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). Fed. R. Civ. P. 34(b), 37(a)(1)(B).

III.   Discussion

A.   Material Claimed Not to Exist

Keystone claims that these requested items do not exist: (1) assumed name filing; (2) certificate of incorporation; (3) income and profit projections for 2004; (4) interim financial statements and summary of timing differences; (5) shareholder's agreement and (6) summary of timing differences, other than the tax return schedule attached to the tax return already produced.

It is evident that Barbine has the right to the certainty given by definitive responses to her document requests. It is equally clear that, absent some evidence that Keystone, in fact, possesses these documents, it is not possible for me to grant Barbine's motion, since I cannot compel Keystone to turn over what does not exist.

Keystone's correct course of action at the outset would have been to address to Barbine individual, written, and properly verified, responses stating that the requested material does not exist. I will direct it to do so now. Since Keystone has made no other objection to the discovery of this material, I will also instruct it to produce whatever documents in this category it does possess.

B.   Corporate Minutes

Barbine claims that it is entitled to all notes of Board of Director meetings, because any discussions of employment and personnel decisions are relevant to her cause of action, but also because the information "is clearly relevant to the issue of punitive damages and defendant's affirmative defense." She also expresses the concern that she could be blindsided at trial if Steven Barr were to testify at trial about events which took place during a Board of Directors' meeting, and to support his testimony with corporate minutes to prove the events.

4

It does not appear that Barbine has ever made a formal discovery request for these notes. On this basis alone, Keystone is entitled to withhold them. Keystone argues in its response to Barbine's motion that the notes are not relevant to its net worth, and therefore beyond the scope of discovery as it relates to punitive damages.

Indeed, it is not clear that the notes would, as Barbine maintains, contain matter relevant to her claim for punitive damages. Discovery on liability issues is closed. In any event, Keystone set forth 24 affirmative defenses in its answer, and Barbine has not explained how the requested material is relevant to any particular of them.

I also note that counsel for Keystone has represented in a May 6, 2004, letter to counsel for Barbine that "no matters were discussed, either specifically to your client ... or generally as to employment personnel/policy matters and employee handbook-related issues." Letter, attached to Barbine's Motion as Exhibit F. This representation may well be taken into consideration at trial if a Keystone witness testifies that anything of importance to this case took place at a Board of Directors' meeting.

C.   <u>Material Claimed Not to be Relevant</u>

Keystone maintains that the following documents requested by Barbine are not relevant within the meaning of Federal Rule 26(b)(1): (1) a list of present directors and officers; (2) a list and copy of the stockholder's ledger; [(3) interim statements with adjustments which are not relevant to Keystone's net worth]; (4) and Keystone's auditor's work papers.

Barbine is evidently trying to explore the nature of Keystone's ownership. This is relevant to her punitive damage claim in that it could be used in determining the value of Keystone's assets. For this reason, I will direct Keystone to produce the above-enumerated items.

5

D. <u>Tax Returns and Financial Statements</u>

Barbine has asked for tax returns for the years 1999 through 2003. Keystone has produced tax returns for only the fiscal year 2001-2002. Because the tax returns, like the matter discussed above, may be relevant to determining the extent of Keystone's assets, I will require Keystone to disclose them.

Similarly, Barbine has asked for financial statements for the last three years. Keystone has produced only the statement for 2001 and 2002. If a statement has been prepared for 2003, Keystone should produce it.

E. <u>The Remaining Items Requested</u>

The following are documents requested by Barbine in her motion which have not yet been addressed: (1) a copy of Keystone's by-laws with any amendments; (2) a list of all shareholders; and (3) a list of jurisdictions in which the corporation has qualified to do business, has filed tax returns in the last five years and in which the corporation does business.

Keystone has not made any specific argument as to why these documents need not be disclosed. Because the foregoing items appear to be relevant to locating Keystone's owners and its assets, I will direct Keystone to produce them.

IV.  Conclusion

For the reasons set forth above, I now enter the following

ORDER

AND NOW, this 7th day of June, 2004, upon consideration of Plaintiff's Motion to Compel Production of Documents, docketed in this case as Document No. 61, and Defendant's Response thereto, it is hereby ORDERED that the motion is GRANTED IN PART AND DENIED IN PART:

1. The Motion is DENIED in that Defendant need not produce the material it will represent in a written, specific, and verified statement (produced to Barbine within ten days of the date of this Order) that does not exist; nor need it produce the notes of its Board of Directors' meetings;

2. The Motion is otherwise GRANTED. Keystone shall produce documents responsive to Barbine's requests, as specified in the body of this Opinion, within ten days of the date of this Order.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE